Minshall, C. J.
I concur in the judgment, and the syllabus as framed, but do not concur in the view expressed in the opinion that companies may enter into an agreement among themselves, not to employ persons who have engaged in what is known as a “strike.” Such an agreement is against public policy, as tending to encourage idleness and cause poverty among working men, by. depriving them of the means of earning a livelihood for themselves and their families. Each company should be at liberty to employ such persons as in its judgment may seem best, unrestrained by any agreement with other companies. A particular company may be disposed to employ persons, although they may have been engaged in a strike, and would do so but for the fact that it is restrained by its agreement with other companies from doing so. It seems to me that such an agreement is clearly against public policy and should not be recog-' nized by the courts. To do so would, in effect, make engaging in a strike an offense punishable by exclusion from employment. The reason I concur in the *425 judgment and syllabus is, I fail to discern from the record that there was any evidence tending to show that the defendant had entered into an agreement with other companies not to employ persons avIio had been engaged in the railroad strike of 1894. All it did was to refuse to give the plaintiff a “clearance” when requested. This it migh treasonably do for reasons stated in the opinion.